■ RICHARD MILLER, Appellant, v NEW YORK UNIVERSITY et al., Respondents. [961 NYS2d 96]—

Judgment, Supreme Court, New York County (Barbara R. Kapnick, J.), entered February 22, 2012, upon a jury verdict, dismissing the complaint as against defendants New York University and New York University Hospitals Center, unanimously affirmed, with costs.

The court correctly denied plaintiff's motion for a directed verdict. There was extensive testimony that plaintiff's reassignment from chief financial officer (CFO) to vice president of medical center finance (VP) resulted in expanded responsibilities. The testimony showed that as CFO he had financial oversight of the New York University (NYU) Hospitals Center and as VP he had financial oversight of the newly integrated NYU Medical Center, which included the NYU School of Medicine as well as the Hospitals Center, and that the operating budget for the Medical Center was twice as large as that of the Hospitals Center alone. Thus, a rational jury could have found

that plaintiff was not terminated from his CFO position within the meaning of the parties' May 1, 2006 retention agreement.

Contrary to plaintiff's contention, the pretrial order denying his motion for summary judgment is no longer reviewable by this Court because we previously reviewed that order upon defendants' interlocutory appeal from the portion thereof denying their cross motion for summary judgment (*see* 85 AD3d 670 [2011]; CPLR 5501 [a] [1]). Although plaintiff did not take an appeal from the pretrial order insofar as it aggrieved him, the question of his entitlement to summary judgment was before us upon defendants' appeal from the same order by virtue of our power to search the record in reviewing the denial of defendants' cross motion for that relief (*see* CPLR 3212 [b]). If we had jurisdiction to review the denial of plaintiff's pretrial summary judgment motion, we would affirm it for substantially the same reasons we affirm the denial of his motion for a directed verdict. Contrary to plaintiff's further contention, our decision on the previous appeal did not determine that the evidence established as a matter of law that he had been terminated within the meaning of the retention agreement, only that a jury could rationally find that such a termination had occurred.

The court properly submitted the case to the jury by way of an interrogatory asking whether plaintiff's "reassignment . . . constitute[d] a demotion in his rank and responsibilities such that it was a termination from his current position as set forth in [the retention agreement]" (*see* PJI 4:21; *Rudman v Cowles Communications*, 30 NY2d 1, 10 [1972]). We reject plaintiff's argument that asking whether the reassignment constituted a "demotion" altered the terms of the retention agreement. Concur—Friedman, J.P., Acosta, Renwick, Richter and Abdus-Salaam, JJ.